IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY DARNELL JONES, #6558879, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-1570-K |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Beto I Unit in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID.  The court did not issue process in this case.

Statement of the Case: Petitioner is presently incarcerated on the basis of a 1993 conviction for burglary of a vehicle for which he was sentenced to twenty-five years imprisonment in *State v. Jones*, No. F93-60409-S (282nd District Court of Dallas County Oct. 19, 1993), and a 2003 conviction for retaliation for which he was sentenced to eight years

imprisonment in *State v. Jones*, No. 95-5077 (Dawson County Feb. 6, 2003). (*See* Pet. at ¶¶ 1-4, and 11). The latter sentence was ordered to run consecutive to the 1993 sentence. (*Id.* at ¶ 12).

In his federal petition filed on September 11, 2009, Petitioner contends that TDCJ officials have denied him consideration for mandatory supervision release. Specifically, he alleges that shortly after his 2003 conviction, TDCJ gave him a time sheet indicating that he is no longer eligible for release to mandatory supervision.[1]

Petitioner has exhausted his state court remedies. On December 19, 2008, he filed an art. 11.07 application in Dallas County, challenging the denial of mandatory supervised release. (Pet. at ¶¶ 1-4). On April 1, 2009, the Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing in *Ex parte Jones*, No. WR-71,705-02. (*See* Pet. at ¶ 11). Petitioner filed a similar art. 11.07 application in Dawson County in Cause No. 95-5077A. (*Id.*). The Texas Court of Criminal Appeals denied that application without written order on June 3, 2009, in *Ex parte Jones*, No. WR-71,705-05. (*Id.*).[2]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also* Rule 4 of the Rules Governing § 2254 proceedings.

---

[1] For purposes of this recommendation, the petition is deemed filed on September 8, 2009, the date Petitioner signed the same and purportedly placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed when the prisoner tenders it to prison officials for mailing).

[2] The court has verified the above dates on the Texas Court of Criminal Appeals website.

In accordance with *Kiser*, the court issued a questionnaire on September 21, 2009, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. As of the date of this recommendation, Petitioner has not responded to the show cause order.

28 U.S.C. § 2244(d)(1)(D) governs when the limitations period begins to run in this case. That section provides that the one-year period is calculated from the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *Id.*[3]

Petitioner concedes that he has been aware of the facts underlying his mandatory supervision claim since shortly after his 2003 conviction when TDCJ began issuing time sheets reflecting that he was no longer eligible for mandatory supervision release. Under this scenario, the one-year limitations period began at the latest by mid 2003, and expired by mid 2004. Statutory tolling is unavailable. *See* 28 U.S.C. § 2244(d)(2). Petitioner did not file his art. 11.07 applications until December 2008, long after the one-year period expired.. Therefore, his federal petition deemed filed as of September 8, 2009, is clearly time barred absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence*

---

[3] None of the other subsections apply in this case. Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Likewise, since he his challenging his eligibility to mandatory supervised release, subparagraph (A) – the date on which the judgment of conviction became final – is inapplicable.

*v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007) (quoted case omitted), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

Petitioner is not entitled to equitable tolling in this case. *Id.* His own pleadings document substantial delays on his part, and he fails to offer any explanation for his failure to pursue habeas corpus relief diligently. Petitioner delayed over five years following his 2003 conviction before filing his art. 11.07 applications challenging the denial of mandatory supervised release. Following the denial of those applications on April 1 and June 3, 2009, respectively, Petitioner did not immediately file this federal petition. He waited instead until September 8, 2009, an additional three months. These unexplained delays – clearly of Petitioner's own making – do not constitute due diligence or rare and extraordinary circumstances warranting equitable tolling. It is well established that "equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 714, 715 (5th Cir. 1999). Petitioner's *pro se* status, incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See id.* at 714; *see also Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED with prejudice as time barred.  *See* 28 U.S.C. § 2244(d)(1).

Signed this 2nd day of November, 2009.

*[signature]*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.